UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LUPE TOVAR ALANIZ, JR.,

        Petitioner,

v.                                                    Case No. 5:19-cv-151-Oc-39PRL

Warden, FCC COLEMAN USP II,

        Respondent.
_____

## ORDER

Petitioner Lupe Tovar Alaniz, Jr. initiated this case by filing a Petition for Writ of Habeas Corpus, utilizing a form for cases filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is a federal prisoner at the Coleman Federal Correctional Complex challenging his 2012 conviction and sentence imposed by the United States District Court for the Northern District of Texas, Abilene Division. Petition at 1. Petitioner asks the Court to "vacate his conviction and sentence as unconstitutional." Id. at 19. More specifically, he contends the trial court lacked authority to accept his plea to a charge of possession of a firearm in furtherance of a drug trafficking crime because neither the indictment nor the plea colloquy specified a quantity of drugs. Id. at 15-16.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting Darby v. Hawk–Sawyer, 405 F.3d 942, 944 (11th Cir. 2005)) (abrogated on other grounds). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). "[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on . . . § 2255 motions by nominally bringing suit under § 2241." Id. at 1351.

Here, the Petitioner does not challenge the execution of his sentence but rather its legality, contending his conviction and sentence resulted from "an indictment with a jurisdictional defect," which he says deprived the court of authority to accept his plea. Petition at 15, 16. Because Petitioner challenges the validity of his conviction and sentence, § 2255, not § 2241, is the appropriate statutory vehicle for his claims. See, e.g., Herrera v. Warden, FCC Coleman-USP I, 596 F. App'x 859, 862 (11th Cir. 2015) (affirming dismissal of a § 2241 petition where the petitioner asserted the indictment was defective); Benitez v. Warden, FCI Miami, 564 Fed. App'x 497, 499 (11th Cir. 2014) (affirming dismissal of a § 2241 petition alleging, among other grounds, an illegal indictment).

Petitioner asserts § 2255's "savings clause" applies, making his claim cognizable under § 2241. Petition at 19. Petitioner's assertion that the "savings clause" under § 2255 permits him to proceed under § 2241 is unavailing. Under § 2255's savings clause, "a prisoner may file a § 2241 petition if the § 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" Benitez, 564 F. App'x at 499 (quoting § 2255(e)). The petitioner has "[t]he burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy." Id. (citation omitted). Petitioner's only basis for invoking the "savings clause" is his conclusory assertion that "challenges to an indictment are not properly brought in a direct appeal, and are not cognizable . . . under § 2255(a)." Petition at 19. Not only does Petitioner not support this assertion with any legal authority, as noted, a claim challenging the validity of an indictment is in fact cognizable under § 2255.[1] Herrera, 596 F. App'x at 862; Benitez, 564 F. App'x at 499.

Upon review, the Court is convinced this action is properly considered under § 2255. With a petitioner's consent, a district court generally may recharacterize a § 2241 petition as a motion to vacate, set aside, or correct a sentence under § 2255. See Castro v. United States, 540 U.S. 375, 383 (2003). Such action by

---

[1] Petitioner concedes he has not previously filed a § 2255 motion attacking his federal sentence. Petition at 4.

3

this Court is not appropriate under these circumstances, however. A petitioner collaterally attacking his sentence must file a motion under § 2255 in the court that imposed the sentence. See 28 U.S.C. §2255(a). Petitioner was convicted and sentenced in the Northern District of Texas. Thus, to the extent Petitioner has a viable § 2255 motion, this Court lacks jurisdiction to entertain the motion. Given Petitioner has not previously filed a motion to vacate his sentence under § 2255, in the interest of justice, the Court finds this case should be transferred to the Northern District of Texas for that court's determination whether the Petition should be recharacterized as one under § 2255.[2] See 28 U.S.C. § 1631 (permitting a district court lacking jurisdiction to consider a claim to transfer the action to the court in which the action could have been brought).

Accordingly, it is

**ORDERED:**

1. This case is **TRANSFERRED** to the United States District Court for the Northern District of Texas.

2. The **Clerk** is directed to take all necessary steps to effect the transfer and thereafter close the file.

---

[2] It appears a § 2255 motion may be barred as untimely. In an abundance of caution, however, the Court finds timeliness of a motion to vacate Petitioner's sentence is better decided by the sentencing court.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Lupe Tovar Alaniz, Jr.